■ R. Holder, Respondent, v Harlem Men's Shelter, Ap-

pellant. [613 NYS2d 899] —Order, Supreme Court, New York County (Salvador Collazo, J.), entered October 18, 1993, which, *inter alia,* denied appellant's cross-motion for summary judgment dismissing the complaint, unanimously reversed, on the law, the cross-motion granted, and the complaint dismissed, without costs.

We find that summary judgment was wrongly denied to defendant Harlem Men's Shelter, a City agency, on plaintiff's claim that he was deprived of his constitutional rights by the imposition of a requirement that shelter residents be photographed for identification cards and undergo a blood test for tuberculosis under threat of transfer to another facility. In order to withstand constitutional scrutiny, these regulations are subject only to the necessity that the State show a rational basis for their imposition, and defendant's uncontradicted evidence has met this requirement. As to the photograph requirement, defendant has stated a rational security concern underlying its implementation, as it allowed shelter employees to restrict access to the shelter to those who had been admitted to the shelter system after the completion of appropriate admission procedures. While photographic identification had not yet been imposed at all shelters, this was due to the fact that not all shelters had access to photographic equipment. As to the tuberculosis test, defendant demonstrated that it was necessary at this particular shelter, though not at all shelters, because plans were under way to use part of this shelter to house persons especially vulnerable to tuberculosis infection, including persons infected with HIV.

Plaintiff also claims that he was deprived of due process by the fact that he was allegedly delayed in receiving his lunch on one day by a shelter employee who was intent on coercing him to have his picture taken without affording him the opportunity of transferring to another facility. However, since plaintiff admits that he did not submit to being photographed before he was provided with his meal, he has not stated the deprivation of a protected property interest by the mere fact that his meal was delayed.

Nor are there questions of fact to be resolved concerning plaintiff's argument that he has presented sufficient evidence to withstand summary judgment on a cause of action for intentional infliction of emotional distress. Plaintiff's allegations fall far short of the sort of "extreme and outrageous conduct" *(Howell v New York Post Co.,* 81 NY2d 115, 121) necessary to such a cause of action. Indeed, even assuming

that plaintiff had otherwise offered sufficient evidence to withstand summary judgment, the record clearly demonstrates that defendant-appellant is not subject to such tortious liability. Because the imposition of the requirements that shelter residents be photographed and undergo tuberculosis testing " 'involve[d] the exercise of discretion * * * in policy matters * * * [the] municipal defendant * * * is not answerable in damages for the injurious consequences of that action' " *(Mon v City of New York,* 78 NY2d 309, 313, quoting *Haddock v City of New York,* 75 NY2d 478, 484). Although the non-judicial nature of these discretionary decisions affords defendant only a qualified immunity, which does not shield actions made in bad faith or without reasonable basis *(see, Arteaga v State of New York,* 72 NY2d 212, 216), since plaintiff has made no such showing, summary judgment should have been granted. Concur—Rosenberger, J. P., Ellerin, Kupferman, Nardelli and Tom, JJ.